IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PIERRE JORDAN,
#M07905,

**Plaintiff,**

vs.

**C/O WEBER,**

**Defendant.**                                    Case No. 17-cv-624-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff Pierre Jordan, an inmate who is currently incarcerated at Lawrence Correctional Center (Lawrence), brings this civil rights action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights at Lawrence. The instant case was severed from *Jordan v. Lamb*, No. 17-cv-00207-SMY-RHD (S.D. Ill.) (original case). (Doc. 1, instant case). This case focuses on a single claim against Officer Weber for violating Plaintiff's rights under the Eighth Amendment by verbally and sexually harassing him, making intimidating remarks to him, stealing from him, and making retaliatory threats toward him, all of which culminated in Plaintiff's attempted suicide on July 11, 2016. ("Count 4," original case). (Doc. 1, p. 6). In connection with this claim, Plaintiff seeks monetary relief and a prison transfer.[1] (Doc. 2, pp. 21-22).

---

[1] In the request for relief, Plaintiff generally seeks a prison transfer but does not explain why. The original Complaint has been severed into numerous actions. The instant case only addresses one of his severed claims. To the extent Plaintiff would like to request urgent relief in connection with Count 4, he should file a separate motion for a temporary

1

Count 4 is now subject to preliminary review pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Complaint

According to the Complaint, Officer Weber engaged in a campaign of retaliation and harassment toward Plaintiff after he filed numerous grievances to

---

restraining order and/or preliminary injunction pursuant to Rule 65(a)-(b) of the Federal Rules of Civil Procedure. He may do so at any time during the pending action.

complain about the officer in 2016. (Doc. 2, pp. 7-8, 10, 16, 21, 35-37). On or around March 27, 2016, Plaintiff filed a grievance complaining of Officer Weber's "racially motivated unethical staff misconduct." (Doc. 2, p. 7). He also filed several other grievances against Officer Weber during the next four months. (Doc. 2, p. 8).

Thereafter, the officer conducted one or more allegedly unauthorized and retaliatory shakedowns of Plaintiff's cell. (Doc. 2, p. 8). The officer also issued Plaintiff a disciplinary ticket for possession of psychotropic medication, even after his cellmate admitted that the medication belonged to him. (Doc. 2, pp. 8, 21). The officer instructed Plaintiff's former cellmate to pack up Plaintiff's personal property, which violated prison policy and resulted in the loss of property valued at $176.01. (Doc. 2, pp. 8, 21, 37). Officer Weber would not allow Plaintiff to visit with his sister on May 1, 2016, and ultimately took steps to impose restrictions on Plaintiff's visitation privileges. (Doc. 2, pp. 7-8).

Plaintiff blames Officer Weber for his increased feelings of depression and suicidal thoughts. (Doc. 2, p. 16). He requested an investigation of Officer Weber's harassing and threatening conduct, to no avail. (Doc. 2, p. 35). Plaintiff then attempted to commit suicide and was admitted to suicide watch from July 11-13, 2016. (Doc. 2, p. 36).

Nevertheless, the harassment continued. On October 31, 2016, Plaintiff alleges that Officer Weber "invaded" his personal space as he "had done many . . . times before." (Doc. 2, p. 10). The officer spoke to Plaintiff in a "menacing" and

"threatening" tone. *Id.* The officer said, "You think your grievances are enough to get me fired. Wherever I go I run shit." *Id.* Officer Weber proceeded to "taunt" Plaintiff, by asking him if he had found his Walkman and cassette tapes yet. The officer then said, "Oh I forgot I stole them." *Id.* He then walked away, laughing. *Id.* Plaintiff did not respond. *Id.*

When other inmates asked why Officer Weber was no longer working in the cell house, the officer pointed at Plaintiff and said that it was because of the grievances Plaintiff filed. (Doc. 2, p. 10). Officer Weber told Plaintiff's fellow inmates that Plaintiff would have to "leave this house," if they wanted him to return. *Id.* Plaintiff alleges that these statements were meant to provoke other inmates to harm him. *Id.* In addition, Weber told Plaintiff to stop touching the mental health professionals,[2] or the officer would "make sure" Plaintiff was "touched." *Id.* Plaintiff interpreted this as a thinly veiled threat to have other correctional officers assault Plaintiff. *Id.*

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to re-characterize Count 4 in the Memorandum and Severance Order as follows:

**Count 1** - Weber violated Plaintiff's rights under the First and/or Eighth Amendments by verbally and sexually harassing Plaintiff, making intimidating remarks to him, stealing

---

[2] Plaintiff indicates that he had a sexual relationship with a mental health professional named in the original Complaint. The claims against that individual are not part of this severed case.

> from him, and making retaliatory threats toward him after Plaintiff filed grievances to complain about the officer, culminating in Plaintiff's suicide attempt on July 11, 2016.

(Doc. 2, p. 6). The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this claim does not constitute an opinion regarding its merit.

### Count 4

The Complaint articulates a colorable claim of cruel and unusual punishment under the Eighth Amendment and retaliation under the First Amendment against Officer Weber. In its Memorandum and Severance Order (Doc. 1, instant case), the Court discussed the Eighth Amendment claim at length. (Doc. 1, pp. 10-11) (citing *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015); *Dobbey v. Ill. Dep't of Corrections*, 574 F.3d 443, 446 (7th Cir. 2009); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). This Court now finds that the allegations in the Complaint support a cruel and unusual punishment claim against Officer Weber for screening purposes. *Id*.

Count 4 also encompasses a First Amendment retaliation claim against this defendant. Prison officials may not retaliate against an inmate for exercising his First Amendment rights, which includes the right to file a grievance. *See Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009); *Pearson v. Wellborn*, 471 F.3d 732, 740 (7th Cir. 2006); *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000); *DeWalt*, 224 F.3d at 618. A First Amendment retaliation claim arises when a plaintiff establishes that:

(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was "at least a motivating factor" in the defendant's decision to take the retaliatory action. *Bridges*, 557 F.3d at 546 (citing *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008); *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006)). A complaint states a retaliation claim when it sets forth "a chronology of events from which retaliation may plausibly be inferred." *Zimmerman*, 226 F.3d at 573 (citation omitted).

The Complaint sets forth allegations that support a plausible retaliation claim against Officer Weber. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (court must liberally construe *pro se* pleadings). After Officer Weber learned that Plaintiff filed one or more grievances to complain about him, the officer engaged in a pattern of harassing conduct toward Plaintiff. (Doc. 2, pp. 7-8, 21, 37). Among other things, the officer conducted one or more unauthorized cell shakedowns, issued him a ticket for possession of psychotropic medications his cellmate admittedly possessed, directed another prisoner to pack up Plaintiff's property, taunted Plaintiff about property that was lost or stolen in the process, denied him visitation with his sister for no alleged reason, encouraged other inmates to harm Plaintiff, and also threatened him with physical harm. *Id*. Even if these acts do not support independent constitutional claims against the defendant, the chronology of events supports a First Amendment retaliation claim against the officer. *See Zimmerman*, 226 F.3d at 574 (reversing district court's

§ 1915A dismissal because inmate's allegations established that "the exercise of his [First Amendment] right was closely followed by the retaliatory act"). Accordingly, Count 4 shall also include a First Amendment claim of retaliation.

The Court discerns no other basis for proceeding against this defendant. Plaintiff refers, in vague or conclusory terms, to other potential claims against Officer Weber, such as a Fourteenth Amendment due process or equal protection claim. However, he offers insufficient allegations to support these claims, or any others that are not already recognized herein. *Twombly*, 550 U.S. at 570 (complaint must plead "enough facts to state a claim to relief that is plausible on its face."). All claims not recognized herein should be considered dismissed without prejudice from this action.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 4** is subject to further review against Defendant **C/O WEBER**. This claim encompasses a First Amendment retaliation claim and an Eighth Amendment deliberate indifference claim against this defendant.

With regard to **COUNT 4**, the Clerk of Court shall prepare for Defendant **WEBER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Memorandum and Severance Order (Doc. 1), Complaint (Doc. 2), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and

return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint (Doc. 2) and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a **United States Magistrate Judge** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted.

*See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 10, 2017**

Digitally signed by Judge David R. Herndon
Date: 2017.08.10 15:50:45 -05'00'

**United States District Judge**