IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**PIERRE JORDAN,**

**Plaintiff,**

v.

**C/O WEBER,**

**Defendant.** No. 17-cv-0624-DRH

**MEMORANDUM and ORDER**

**HERNDON, District Judge:**

Plaintiff, currently incarcerated at Lawrence Correctional Center, brought this pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging that C/O Weber violated his Eighth Amendment rights by verbally and sexually harassing him and retaliating against him (Doc. 2).[1] On August 10, 2017, the Court screened plaintiff's complaint as to Count 4 pursuant to 28 U.S.C. § 1915A and re-characterized it as:

---

1 Plaintiff's claims against Weber were severed from his original claims in *Jordan v. Lamb*¸17-0207-SMY.

> Count 1: Weber violated Plaintiff's rights under the First and/or Eighth Amendments by verbally and sexually harassing Plaintiff, making intimidating remarks to him, stealing from him, and making retaliatory threats toward him after Plaintiff filed grievances to complain about the office, culminating in Plaintiff's suicide attempt on July 11, 2016.

(Doc. 6).

Thereafter, plaintiff filed a motion for preliminary injunction on November 22, 2017 (Doc. 16). Weber filed his opposition to the motion for preliminary injunction (Doc. 20). On April 4, 2018, Magistrate Judge Reona J. Daly, pursuant to 28 U.S.C. § 636(b)(1)(B), submitted a Report and Recommendation ("the Report") (Doc. 24). The Report recommends that the Court deny the motion for preliminary injunction. The Report found:

> "Notably, there is no apparent relationship between the facts and allegations contained in Plaintiff's motion and those in the Complaint. Indeed, the only defendant in this case is Correctional Officer Weber, who is not mentioned in Plaintiff's motion. As the main purpose of a preliminary injunction is 'to preserve the relative positions of the parties until a trial on the merits can be held,' *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981), it is not clear how the relief Plaintiff seeks would accomplish such a purpose."

(Doc. 24, ps. 3-4).

The Report was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" within 14 days of service of the Report. To date, none of the parties has filed objections. The period in which to file objections has expired. Therefore, pursuant to 28 U.S.C. § 636(b), this Court need not conduct *de novo* review. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985).

Accordingly, the Court **ADOPTS** the Report (Doc. 24). The Court **DENIES** Plaintiff's motion for preliminary injunction (Doc. 16) for the reasons given in the Report and Recommendation.

**IT IS SO ORDERED.**

Judge Herndon
2018.04.25
11:10:13 -05'00'

**United States District Judge**